[Civ. No. 12491. First Dist., Div. One. Oct. 18, 1943.]

SARAH A. LILLEY, Respondent, v. GEORGE W. LEGGETT et al., Appellants.

J. Maurice for Appellants.

Arthur G. Potter, Jr., for Respondent.

PETERS, P. J.—Upon petition of plaintiff, the trial court appointed a receiver to carry out the terms of a final judgment that had been rendered in favor of plaintiff. From this order defendants appeal.

The original action was one to quiet title to a certain receipt issued by the United States Mint for gold coins deposited with it. The complaint alleged that prior to 1934 the plaintiff was the owner and entitled to possession of certain gold coins which were then, and until 1940, in the possession of certain unknown persons; that under the terms of the Gold Reserve Act of 1934 (31 U.S.C.A., § 311, et seq.) plaintiff, as owner, was required to turn such gold over to the government, and was entitled to receive back the value therefor; that these coins came into the possession of defendants in 1940; that defendants turned the coins over to the mint and obtained a receipt therefor in their names; that plaintiff is the equitable owner of the receipt; that prior to filing the action, demand was made upon defendants for delivery of the receipt, which demand was in writing and offered to compensate defendants for all expenses incurred and for all services necessarily performed by them in connection with the property; that defendants refused to deliver the receipt to plaintiff. The prayer was to quiet title to the receipt, and for an order directing the assignment of the receipt to plaintiff.

The answer denied most of the allegations of the complaint, and particularly alleged that the gold found by defendants did not belong to plaintiff. It was also alleged that the state courts had no jurisdiction to try the question, and

that plaintiff was without legal capacity to sue because the Gold Reserve Act made the United States government the owner of all gold. The prayer asked that title to the receipt be quieted in defendants.

The trial court found, in substance, that all the allegations of the complaint were true; that the plaintiff was entitled to the receipt and had offered to reimburse the defendants for expenses incurred and services rendered; that the complaint did state a cause of action; that the court did have jurisdiction; and, that the plaintiff did have the legal capacity to bring this action. Judgment was rendered for the plaintiff, quieting plaintiff's title to the receipt, and ordering the defendants to endorse the receipt over to the plaintiff, and ordering the plaintiff to pay to the defendants any expenses incurred by them. This judgment was rendered on February 16, 1942.

No direct appeal was taken from that judgment, but an abortive appeal was attempted to be taken from an order denying the motion for a new trial, and from what was alleged to be an order denying a motion to vacate the judgment, but which order apparently had never been made. This appeal, on motion, was dismissed by this court on July 27, 1942.

After the judgment had become final, upon petition of plaintiff, the trial court made its order appointing a receiver with power to take custody of the receipt and to endorse it to plaintiff. It is from this last order that this present appeal has been taken.

Appellants contend that the original judgment is void, either because the state courts have no jurisdiction over controversies dealing with gold coins, or because the plaintiff did not allege in the original complaint, nor did the trial court find, compliance with sections 3136 to 3142 of the Political Code. Inasmuch as the original judgment is final and cannot be reviewed on this appeal, to prevail, appellants must establish that the original judgment is void on its face for either, or both, of the two reasons above stated.

The judgment is not void on its face. Appellants urge that the Gold Reserve Act of 1934, *supra*, vested ownership of all gold coins in the federal government, and contend that the federal courts have exclusive jurisdiction in an action in which the subject matter is gold coins. The obvious answer to this contention is that the subject matter of this

action is not gold coins. The plaintiff did not seek to gain control of gold coins, but sought to obtain title to the receipt for such gold coins. Such receipt is capable of ownership under section 655 of the Civil Code, to which title can be quieted under section 738 of the Code of Civil Procedure. While the Gold Reserve Act of 1934, *supra,* does vest title in gold coins in the United States, that, and related acts, and the regulations passed pursuant thereto (31 U.S.C.A., § 311 and §§ 441 to 443; 12 U.S.C.A., § 95; Executive Order 6260 as amended by Executive Order 6556; Executive Order 6102) provide that a credit must be given in other forms of legal tender. That is just what was done here, and it is the receipt for this credit, not the gold coins deposited, that is the object of this proceeding. The gold has been turned over to the government. The government of the United States has no interest in the matter except to pay the money called for by the receipt to the proper owner. The question as to who is the owner of the receipt is obviously a matter within the jurisdiction of the state courts.

█ The appellants also urge that the judgment is void on its face because the complaint upon which the judgment was secured does not allege compliance with section 3136 to section 3142 of the Political Code. Even if it be assumed that the complaint was demurrable for this reason, it would be doubtful whether this point could be urged after the judgment has become final. Moreover, under the facts here involved, such compliance was not necessary. The sections in question deal with lost money and goods, and deal with a method by which finders of lost property may protect themselves and acquire title to lost property. The sections have but little to do with the rights of owners of lost property. Section 3140 provides, in fact, that when the owner of lost property appears and pays all reasonable charges incurred by the finder "the finder must restore the same to him," and that if the finder refuses, "the owner may recover the same or the value thereof by civil action." █ The complaint alleged ownership in plaintiff and a demand upon, and refusal by, defendants. The plaintiff complied exactly with this section. It is true that section 3142 of the Political Code provides that the proof required is to be made before the clerk where the finder's claim is recorded. Even if this section provided the exclusive method of proof in those cases falling within its operation, a point we do not decide, the present case

is not covered by that section. There is no allegation or finding that the defendants, as the finders, ever complied with sections 3136, 3137, 3138, 3139 or 3141 of the Political Code. Section 3142 has application only where the finder has filed a list of such property with the clerk. In the absence of compliance by the finder, the owner is not precluded from having his title determined by normal processes in a court of law.

The order appealed from is affirmed.

Knight, J., and Ward, J., concurred.